UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHELLE EXOM-HUNTER,
on behalf of T.B.,

        Plaintiff,

v.                                CASE NO. 3:11-cv-00052-J-32JBT

MICHAEL J. ASTRUE,
Commissioner of the Social Security
Administration,

        Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Affidavit of Indigency and Application to Proceed *In Forma Pauperis* ("the Application") (Doc. 2).  For the reasons set forth herein, it is respectfully recommended that the Application be denied without prejudice and the case be dismissed without prejudice.

### I.    Background

On January 18, 2011, Plaintiff, Michelle Exom-Hunter, filed this case on behalf of her son, T.B.  (Doc. 1.)  In Plaintiff's initial filing, Plaintiff requested that the Court "extend the time frame for filing a civil complaint."  (*Id.*)  The same day, she also filed the Application (Doc. 2).  In its Order of January 26, 2011, the Court took the Application under advisement and gave Plaintiff through February 25, 2011 to file an

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy."  FED. R. CIV. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a).  "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).

amended complaint. (Doc. 6.) The Court explained that the Complaint was deficient for several reasons, including: (1) the absence of an explanation why Plaintiff must bring this action on behalf of her son,[2] (2) failure to name a defendant, and (3) failure to state a claim on which relief may be granted. (*Id.*) Moreover, the Court notified Plaintiff that failure to file an amended complaint by the deadline might result in a recommendation that this case be dismissed for failure to state a claim on which relief may be granted and/or failure to prosecute. (*Id.*)

Plaintiff failed to comply with the Court's January 26, 2011 Order, so in an abundance of caution, the Court entered another order on March 1, 2011, in which it gave Plaintiff until March 31, 2011, to file an amended complaint or otherwise respond to the order. (Doc. 7.) In that order, the Court warned Plaintiff that if she failed to comply with the order, the undersigned might recommend dismissal of the case for failure to state a claim on which relief may be granted and/or failure to prosecute. (*Id.*)[3] To date, Plaintiff has not filed an amended complaint or otherwise responded to the Court's orders. Therefore, the Court will recommend that the Application be denied without prejudice and that this action be dismissed without prejudice for failure to state a claim on which relief may be granted and for want of prosecution.

## II.    Analysis

---

[2] In her initial filing, Plaintiff did not indicate the age of her son or the extent of his disability.

[3] This Order also observed that Plaintiff's filing was ambiguous regarding whether it was intended as a complaint or as a petition to extend the statute of limitations, the latter of which appeared to be unauthorized.

2

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff to proceed without prepayment of fees or costs where the plaintiff has demonstrated through the filing of an affidavit that she is "unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  Even assuming Plaintiff's Application sufficiently demonstrates that she meets the financial criteria and is therefore entitled to proceed *in forma pauperis*, when such an application is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  Upon review of the Complaint, the Court finds that this action should be dismissed without prejudice because Plaintiff has failed to state a claim on which relief may be granted.

With respect to whether the Complaint "fails to state a claim on which relief may be granted," Section 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure; therefore, courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  When considering whether to grant a motion to dismiss for failure to state a claim on which relief may be granted, the facts alleged in the complaint must be accepted as true and must be viewed in the light most favorable to the plaintiff.  *Behrens v. Regier*, 422 F.3d 1255, 1256-57 (11th Cir. 2005).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp.*

3

*v. Twombly*, 550 U.S. 544, 570 (2007)). "'Labels and conclusions' or "'a formulaic recitation of the elements of a cause of action'" that amount to "'naked assertion[s]'" will not do. *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557). Moreover, the complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation marks and citations omitted).

Pleadings submitted by a *pro se* plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). Courts are under no duty, however, to "re-write" a plaintiff's complaint to find a claim. *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993). Courts should not dismiss a complaint for failure to state a claim, pursuant to Section 1915, "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (internal quotation marks omitted).

The "Complaint" asks for an extension of the deadline to file a civil action. (Doc. 1.)  It does not appear to be meant as a complaint in itself.  It provides no basis of authority for the requested extension.  The Court gave Plaintiff two opportunities to clarify the filing and provide a supportable basis for it.  Plaintiff never responded. Therefore, the Court will recommend that the Application be denied without prejudice and that this action be dismissed without prejudice for failure to state a claim and want

4

of prosecution.  M.D. Fla. R. 3.10(a).

Accordingly, it is respectfully **RECOMMENDED** that:

1.      The Application (Doc. 2) be denied without prejudice.

2.      The case be dismissed without prejudice.

**DONE AND ENTERED** at Jacksonville, Florida, on April 7, 2011.


JOEL B. TOOMEY
United States Magistrate Judge



Copies to:    The Honorable Timothy J. Corrigan
              United States District Judge

              *Pro se* Plaintiff